Paul *against* Vankirk and Depu.

IN ERROR.

1813.

*Pittsburg,*
*Saturday*
September 18.

THIS was an action of trespass in the Common Pleas of *Westmoreland*, for breaking and entering the still house of the plaintiff *Paul*, and taking away sundry goods. The defendants pleaded *non cul.* with leave to give the special matter in evidence.

On the trial, the plaintiff called a certain *William Davis*, who swore, that a day or two before the property in the declaration was taken by the defendants, he was the owner of it, and for a valuable consideration sold and delivered the whole at the still house of the witness, of which he also delivered to the plaintiff possession and the key. The consideration was the result of a lumping settlement made between the parties a day or two before the sale; and at the time of the settlement, *Davis* and *Paul* knew there were two executions out against the former and *Vankirk*, one at the suit of *William Irwin*, and the other at the suit of *William Irwin* assignee of *Jesse Regman*. The plaintiff also proved the taking by *Depu* and *Vankirk*.

The defendant's counsel then produced the transcript of two judgments against *Davis*, and also *separate* judgments against *Vankirk* as his bail; and offered in evidence two executions against *Davis* and *Vankirk*, under which *Depu* as constable, and *Vankirk* as his assistant, had seized the goods. The executions were respectively directed " *Westmoreland* County, The Commonwealth of *Pennsylvania*, to ———— constable;" and recited that *Irwin* had obtained judgment before the justice against *Davis* and *Vankirk*, the amount of which it required the constable to levy of *their* proper goods &c., as if the judgment were joint. To this evidence the plaintiff objected, but the Court admitted it, and sealed a bill of exceptions.

Two objections were urged in this Court against the evidence as a justification of the defendants: 1. That the writs were not directed to any constable, and therefore not to the constable of the township &c., where the defendant resided, according to the act of 20th *March* 1810; but it was admitted they were executed by the proper constable. 2. That

*A warrant directed by a justice of the peace to —— constable, if it is executed by the proper constable of the district, is well directed.*

*A constable and his assistant may justify under an execution from a magistrate, though it be clearly irregular, e. g. a joint execution against principal and bail upon separate judgments.*

1813.

PAUL
*v.*
VANKIRK.

the judgments, being separate, did not warrant the executions, which were joint.

*Forward,* for plaintiff in error.

*A. W. Foster,* contra.

TILGHMAN C. J. after stating the case, delivered judgment.

Two objections are made to the execution. 1. That it is not directed to any constable. 2. That there was no judgment to warrant it.

1. The act of assembly orders that the justice shall direct his warrant to the constable of the district. This execution is directed to ———— constable. It would have been more proper to direct it to the constable *by name,* or to the constable of the district generally; but it may be supported, because it is admitted that it was executed by the constable of the district. The word *constable* with a *blank,* cannot be said to be directed to a wrong constable, and may be understood as intended for the right one. I do not know that the constable was *bound* to execute it without a more particular direction, but he was *justified* in so doing.

2. The execution was certainly irregular. A joint execution against principal and bail, ought not to be issued on a separate judgment against each. If the plaintiff in the suit before the justice, had been defendant in the present action, it might have lain upon him to shew that his execution was supported by the judgment; but the case is different with the constable, and the other defendant who acted as his assistant. It is enough for them to shew an execution issued by competent authority. Whether the execution is supported by the judgment, is a question in which it would be unreasonable for the law to involve them. It was necessary for the defendants to make out that the goods levied on were the property of *Davis,* and that they had authority to make the levy. I am of opinion that the execution was legal evidence to shew the authority, and therefore the judgment should be affirmed.

Judgment affirmed.